UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

LINDON DAVID MICHA- EL BEY

        Plaintiff,

-against-

JAMAICA REALTY; DOVIE SPERLIN
and SPOUSE, Managing Member; JOHN
DOE, and SPOUSE, Managing Member;
SCOTT D. GROSS and SPOUSE, Attorney;
PHYLISS KRULIK SAXE and SPOUSE,
Judge Housing Court; GEORGE ESSOCK,
and SPOUSE, City Marshal,

        Defendants.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 09 2012
BROOKLYN OFFICE

MEMORANDUM & ORDER
12-cv-2141 (ENV)

**VITALIANO, United States District Judge:**

On May 1, 2012, *pro se* plaintiff Lindon David Micha-El Bey filed this complaint seeking damages and to regain access and tenancy of the apartment from which he was evicted on April 26, 2012.[1] On May 7, 2012, plaintiff filed the instant "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" conceding that he was arrested on May 3, 2012 for trespassing at the property from which he had been evicted. Plaintiff has paid the filing fee to initiate this action. For the reasons that follow, the complaint is dismissed and the Court cannot consider plaintiff's request for a temporary restraining order as this Court lacks subject matter jurisdiction over this action.

---

[1] The Court notes that plaintiff, formerly known as Lindon David Michael Johnson, attaches documents to his complaint regarding his membership in the "Moorish-American" nation. To the extent he may seek to claim that he is immune from the laws of the United States, such claim is meritless. *See Bey v. Am. Tax Funding*, No. 11-cv-6458, 2012 WL 1495368, at *6 (W.D.N.Y. Apr. 27, 2012); *Gordon v. Deutsche Bank*, No. 11-cv-5090, 2011 WL 5325399, at *1 n.1 (E.D.N.Y. Nov. 3, 2011) (plaintiff's claim that as a Moorish-American he was not subject to eviction held to be without merit).



1

## Discussion

The Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Even a *pro se* plaintiff, however, must still establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available, generally, only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Where jurisdiction is lacking . . . dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Moreover, regardless whether a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998).

Plaintiff asserts that this Court has federal-question jurisdiction over his claims under 28 U.S.C. § 1331, because defendants' actions violated his rights under the First, Fourth, Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution and unspecified defendants violated four

2

sections of federal criminal law, 18 U.S.C. §§ 241, 242, 1341, 1349.

First, a private citizen may not initiate federal criminal prosecutions, that is the exclusive province of prosecutors who have unreviewable discretion over the decision not to prosecute. *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981).

Second, plaintiff's claims arise out of disputes with his landlord and an eviction proceeding that ultimately resulted in his eviction. Federal courts do not have subject-matter jurisdiction over landlord-tenant matters. Wrongful eviction claims, whether for a temporary or final eviction, are state law claims, and this Court lacks subject matter jurisdiction to adjudicate them. *See Southerland v. N.Y. City Hous. Auth.*, No. 10–CV–5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing wrongful eviction claim against the New York City Housing Authority because federal courts do not have subject matter jurisdiction over landlord-tenant matters); *Oliver v. N.Y. City Hous. Auth.*, No. 10–CV–3204, 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011); *Kheyn v. City of New York*, Nos. 10-cv-3233, 10-cv-3234, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (citing cases); *Golland v. Margules*, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005). Put another way, the complaint raises issues that are within the jurisdiction of the state court, not this one.

Plus, assuming a federal question could be divined, this action fails under the *Rooker-Feldman* doctrine. Federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Here, plaintiff's claims are directly related to injuries stemming from determinations made by the state court regarding eviction, all now barred from this Court by the *Rooker-Feldman* doctrine. *See Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 272-74 (E.D.N.Y. 2009); *Torres v. City of N.Y.*, No. 09–CV–1894 (KAM), 2009 WL 1346396, at *2 (E.D.N.Y. May 13, 2009); *Trang v. Concris Realty Co.*, No. 05–CV–5441 (RJD)(LB), 2005 WL 1398004, at *2 (E.D.N.Y. June 14, 2005); *McAllan v. Malatzky*, No. 97–CV–8291 (JGK), 1998 WL 24369, at *2-3 (S.D.N.Y.

Jan.22, 1998) (no subject matter jurisdiction where plaintiff recast his state housing complaint as a violation of his constitutional rights), *aff'd*, 173 F.3d 845 (2d Cir. 1999).

Ordinarily, the Court would allow a plaintiff confronting threshold dismissal an opportunity to amend his pleading. *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000). The Court, however, need not afford that opportunity here where it is clear from the face of the petition that the Court lacks subject matter jurisdiction.

## Conclusion

Accordingly, the Court dismisses the instant *pro se* complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). For the same reasons, plaintiff's motion for a temporary restraining order and a preliminary injunction is denied. Although plaintiff paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and to close this case.

**SO ORDERED.**

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
May 9, 2012