FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 23 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

LINDON DAVID MICHA-EL BEY,

                         Plaintiff,

-against-

JAMAICA REALTY; DOVIE SPERLIN
and SPOUSE, Managing Member; JOHN
DOE, and SPOUSE, Managing Member;
SCOTT D. GROSS and SPOUSE, Attorney;
PHYLISS KRULIK SAXE and SPOUSE,
Judge Housing Court; GEORGE ESSOCK,
and SPOUSE, City Marshal,

                         Defendants.

-------------------------------------------------------------- x

**MEMORANDUM & ORDER**

~~11-cv-1682~~ (ENV) (LB)
12-cv-2141 (ENV)

**VITALIANO, D.J.**

       In a Memorandum & Order dated May 9, 2012, the Court dismissed for lack of subject matter jurisdiction plaintiff Lindon David Micha-El Bey's ("El Bey") complaint, which sought damages and renewed tenancy of the apartment from which he had been evicted. That same day, El Bey filed a letter requesting reconsideration of that decision and the resulting judgment, which was entered on May 10, 2012. In light of plaintiff's pro se status, the Court construes El Bey's letter as a motion under Federal Rule of Civil Procedure 60(b) to reconsider the dismissal of his complaint and the subsequent entry of judgment. Though liberally construed, the motion is denied.

       Federal Rule of Civil Procedure 60(b) enumerates grounds for modifying a final judgment based on mistake, surprise, excusable neglect, newly discovered evidence, fraud, a void judgment, satisfaction, or any other justifying reason. See McTier v. People of N.Y., No. 07-cv-870, 2010 WL 1037963, at *1 (E.D.N.Y. March 17, 2010). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the

1

court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

In his letter, El Bey does nothing more than re-state his claim for wrongful eviction resulting from a state court judgment against him. See McTier, 2010 WL 1037963, at *2 (denying Rule 60(b) motion where moving party "fail[ed] to satisfy the heavy burden of a Rule 60(b) motion because he [did] not present any controlling case law or data, which the court overlooked that would have altered the court's conclusion"). Though he summarily lodges his disagreement with the Court's decision and briefly recounts the circumstances of his eviction, he says nothing to disprove the fact that he is a "state-court loser[] complaining of injuries caused by [a] state-court judgment[] rendered before the district court proceedings commenced and inviting district court review and rejection of" that judgment. Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1527 (2005)). Having offered no new law or evidence which could properly be considered and could reasonably be expected to alter the Court's prior decision, plaintiff's motion for reconsideration must be, and hereby is, denied.

The Clerk shall maintain this case on the closed docket.

**SO ORDERED.**

Dated: Brooklyn, New York
May 18, 2012

/S/
_____
ERIC N. VITALIANO
United States District Judge